## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**REX A. BUZBEE,**

      **Petitioner,**

**vs.**                                       **Case No. 4:05cv468-SPM/WCS**

**JAMES CROSBY, JR.,**

      **Respondent.**

_____/


**<u>REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION</u>**

      Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2000 conviction out of the Third Judicial Circuit, Taylor County, case 99-402-CF, for escape.  Doc. 1.  Respondent filed a motion to dismiss the petition as untimely, and Petitioner filed a traverse.  Docs. 8 and 12.  References to exhibits are to those provided with the appendix, doc. 9,[1] followed by a reference to the electronic document and page numbers.

---

    [1] The exhibits are individually numbered, and references are to these page numbers rather than the number on the bottom right (presumably the pages of the record on appeal).

Petitioner entered a nolo contendere plea to escape and a number of other charges on November 22, 2000.  Ex. A, p. 1; doc. 9-2, p. 8 (first page of transcript, listing a six case numbers including 99-402-CF).  He was sentenced the same date to four years on escape, consecutive to other terms imposed, for a total of eight years imprisonment.  Ex. A, pp. 11-12; doc. 9-2, pp. 11-12.  He did not appeal.  Doc. 1, p. 2.

Petitioner filed a Fla.R.Crim.P. 3.850 motion on June 7, 2001 (the date of mailing).  Ex. B, p. 7; doc. 9-2, p. 29.  The motion was denied following an evidentiary hearing (at which Petitioner was represented by counsel), and the mandate issued on March 1, 2004.  Exs. C (transcript of hearing), D (order denying relief), and I (mandate); docs. 9-3, 9-4, p. 2, and 9-5, p. 15.

Petitioner filed a Fla.R.Crim.P. 3.800 motion on September 24, 2004.  Ex. J; doc. 9-5, pp. 17-42.  The motion was denied, and the denial was affirmed by mandate issued on June 14, 2005.  Ex. K, p. 1 (order) and L (mandate); doc. 9-6, pp. 2 and 27.

There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by conclusion of direct review or the expiration of time for seeking direct review.  § 2244(d)(1)(A).[2]

As Petitioner did not appeal, his conviction became final when the time for filing a direct appeal expired, which was 30 days from the rendition of a written order imposing

---

[2] The limitations period runs from the latest of the following: the date on which the judgement became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

sentence, *See* Fla.R.App.P. 9.140(b)(3).  Assuming the written order was the same date as sentencing, his conviction became final on December 22, 2000.[3]

"The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the one year period.  28 U.S.C. § 2244(d)(2).  When Petitioner filed his Rule 3.850 motion (tolling the time) on June 7, 2001, 167 days had elapsed.  The time was tolled until the mandate issued on March 1, 2004.  Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000).[4]  When Petitioner filed his Rule 3.800 motion on September 24, 2004, another 207 days had elapsed, or a total of 374 days.  At that point there was no time left of the period to toll.  *See* Tinker v. Moore, 255 F.3d 1331, 1334-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly

---

[3] Respondent asserts that one year began to run on February 22, 2001, "ninety days past the date that his conviction became final and his window to file a writ of certiorari with the United States Supreme Court closed."  Doc. 8, p. 3.  Aside from the fact that the math is wrong (90 days from November 22, 2000, is February 20, 2001; 90 days from December 22, 2000, is March 22, 2001), Petitioner was not entitled to an additional 90 days as he did not take a direct appeal.  *Cf.* Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (state defendant has 90 days from judgment of the court of last resort to file a petition for writ of certiorari; where petitioner was entitled to seek review from state appellate court's opinion in the state supreme court but did not, his conviction was final when the time for seeking such review expired).

[4] Binding precedent in this circuit is clear that the 90 days for seeking certiorari does not toll the period under § 2244(d)(2).  Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000); Day v. McDonough, __ U.S. __, 126 S.Ct. 1675, 1679, 164 L.Ed.2d 376 (2006) (citing Coates).  In Day the Court addressed only the district court's authority to raise the time bar issue, and did not consider the claim (not properly before it) that the Eleventh Circuit wrongly excludes the 90 days.  *Id.*, at 1680, n. 2.  The Court has granted certiorari (in a case arising out of the Eleventh Circuit) on whether the time a certiorari petition is actually pending, following denial of postconviction relief, tolls the period.  *Id.* (citation omitted).  The opinion on that issue would not necessarily be controlling where a certiorari petition was never filed.  Jones v. Hulick, 449 F.3d 784, 788 (7th Cir. 2006), *petition for writ of certiorari filed* August 24, 2006.

and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Assuming (for purposes of analysis) the time could be tolled, then it remained so until the mandate issued on June 14, 2005.  When Petitioner filed his § 2254 petition on November 18, 2005 (the date of mailing), another 157 days elapsed, or a total of 531 days.  This is clearly beyond the one year time limit.

Petitioner responds that his petition is timely or he is entitled to equitable tolling. Doc. 12.  He claims that between November 22, 2000, and November 18, 2005, "approximately two hundred days" was "spent in Administrative Confinement, Disciplinary Confinement and Psychiatric Isolation," which "equate to a Government created impediment from filing his state court challenges."  *Id.*  Petitioner asserts that under Department of Corrections policies, prisoners in such forms of confinement "are routinely denied access to their legal documents, pen, paper, and persons [trained] in the law such as Inmate Law Clerks."  *Id.*, p. 4.

Petitioner has not alleged sufficient facts to show even a possible entitlement to equitable tolling.  It seems his claim is that all days spent in disciplinary or other confinement should simply be deducted from the one year period.  He has not alleged or shown that his dates of such confinement correspond with any of the untolled days discussed above.  If something was still pending in state court and the time remained tolled, then limited access to a library or legal materials during the same period would not affect the ability to pursue remedies.  It is noted from the record that Petitioner was able to timely file his Rule 3.850 motion, and to timely appeal the denial of that motion and his 3.800 motion.

"[T]he petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling.  Because of the difficult burden, this Court has rejected most claims for equitable tolling."  Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (collecting cases), and at 702 (emphasizing that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.") (citation omitted).

The focus on extraordinary circumstances is on the circumstances of the late filing, and whether the conduct of others prevented timely filing.  Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir.), *modified (not in relevant part) on rehearing and denial of rehearing en banc*, 459 F.3d 1310 (11th Cir. 2006), *citing* Helton v. Secretary for the Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (other citation and footnote omitted).

> To show diligence, a petitioner claiming deficiencies in the law library must provide details of the specific actions taken toward filing the petition.  He must show "when he found out about the library's alleged deficiency," must "state any independent efforts he made to determine when the relevant limitations period began to run," and must demonstrate how the prison "thwarted his efforts."  Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.

452 F.3d at 1253 (citations to Helton omitted).

Petitioner has not alleged any specific dates to show when he was held in various forms of confinement, or how his ability to file during untolled periods of time was affected by any specific period or condition of confinement, and has not shown a connection between confinement and untimeliness.  He is not entitled to equitable tolling.  *See also* Akins v. United States, 204 F.3d 1086 (11th Cir.), *cert. denied*, 531

U.S. 971 (2000) (finding no equitable tolling based on prison lockdown or unconstitutional impediment for purposes of commencing the one year period anew; prisoner had not shown that lockdown was not "reasonably related to legitimate penological interests") (citations omitted).

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 8) be **GRANTED**, and the § 2254 petition, challenging Petitioner's conviction and sentence for escape imposed by the Third Judicial Circuit, Taylor County, case 99-402-CF, be **DISMISSED WITH PREJUDICE** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on December 26, 2006.

S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.